UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARWIN D. HUTCHINS, *Pro Se*, | ) | Case No.: 4:20 CV 1176 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN MARK WILLIAMS, | ) | |
| | ) | MEMORANDUM OPINION |
| Respondent | ) | AND ORDER |

**I. INTRODUCTION**

This matter is before the court on the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by *pro se* Petitioner Darwin Hutchins, a federal prisoner incarcerated at FCI Elkton. (ECF No. 1). For the reasons that follow, this action is hereby dismissed.

**II. BACKGROUND**

Petitioner filed this action pursuant to § 2241 asking this court to remove him from FCI Elkton because of the COVID-19 outbreak in that federal prison. When this action was filed, Petitioner neither paid the required filing fee nor filed an application to proceed with this matter without the payment of the fee. Magistrate Judge Thomas Parker ordered Petitioner to either pay the filing fee of $5.00, or complete and file the application to proceed *in forma pauperis* attached to the order, within thirty (30) days. (Deficiency Order, ECF No. 2). The Deficiency Order warned

Petitioner that failure to comply may result in dismissal of this action without further notice for failure to prosecute. (*Id.*).

The Deficiency Order was issued and mailed to Petitioner at his address of record on June 1, 2020. On June 8, 2020, however, the mailing was returned stamped "Not at this address, Return to Sender." (ECF No. 3). More than thirty days have passed, and Petitioner has neither responded to the Deficiency Order, sought an extension of time to do so, or provided the court with an updated address.

### III. DISCUSSION

Federal law authorizes the court to permit a petitioner to proceed with a civil action without payment of the required filing fee upon a showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a). When a prisoner fails to pay the required fee or apply to proceed *in forma pauperis*, the court must notify the prisoner and grant him thirty days to correct the deficiency. *See McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). When a petitioner fails to comply with the deficiency order, the district court must "'presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." *Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of petition for a writ of habeas corpus for want of prosecution where petitioner failed to comply with the district court's deficiency order) (quoting *McGore,* 114 F.3d at 605); *see also Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (affirming district court's dismissal of a prisoner's § 1983 action for want of prosecution for failing to comply with a deficiency order that clearly identified the documentation required and expressly warned that failure to comply may result in dismissal) (citing *McGore,* 114 F.3d at 605) (further citation omitted).

In this case, the Deficiency Order contained specific instructions and attached a copy of the application to proceed *in forma pauperis* for Petitioner to complete if he was unable to pay the required filing fee. While *pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers, *pro se* litigants are not entitled to leniency with respect to compliance with readily comprehended court orders and deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Moreover, Petitioner has an affirmative duty to advise the court of any change of address. *Barber v. Runyon*, 23 F.3d 406 (6th Cir. 1994) (Table) (citation omitted). "By failing to keep the Court apprised of his current address, Plaintiff demonstrates a lack of prosecution of his action." *Walker v. Cognis Oleo Chem., LLC*, No. 1:07CV289, 2010 WL 717275, at *1 (S.D. Ohio Feb. 26, 2010) (citing among authority *Barber*); *see also McAllister v. Maier*, No. 5:18CV01423, 2019 WL 3574620, at *5 (N.D. Ohio Aug. 6, 2019) (*pro se* litigants have an affirmative duty to update the court with address changes) (citing *Barber*).

Federal Rule of Civil Procedure 41(b) provides the court with authority to dismiss a case for failure to prosecute or to comply with the court's orders as a tool to effectively manage its docket. *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999) (citation omitted). The court considers four factors when determining whether a case is subject to dismissal for failure to prosecute: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Wu v. T. W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll,* 176 F.3d at 363).

First, the court finds that Petitioner's failure to comply with the Deficiency Order was due to willfulness and fault because Petitioner's failure to provide the Court with an updated address of record, itself, constitutes a failure to prosecute. Petitioner's failure to fulfill such an important yet basic task indicates a disregard for the proceedings Petitioner initiated, and the first factor weighs in favor of dismissal. Second, defendant has not been prejudiced by Petitioner's failure to provide the Court with an updated address, and this factor is neutral. As to the third factor, the Deficiency Order warned Petitioner that failure to comply may result in dismissal of this action without further notice. Finally, the Court concludes that an alternate sanction would not be effective because Petitioner has already failed to prosecute by not fulfilling the obligation to advise the Court of any address change. The third and fourth factors weigh in favor of dismissal.

After balancing these factors, the court exercises its discretion to dismiss this action without prejudice pursuant to Rule 41(b).[1] *See White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) (affirming district court's dismissal without prejudice for want of prosecution where *pro se* plaintiff was ordered to pay filing fee and warned that failure to comply may result in dismissal, but order was returned to the court bearing the notation "Paroled" and plaintiff failed to apprise the court of his current address); *see also, May v. Pike Lake State Park*, 8 F. App'x 507, 508 (6th Cir. 2001) (affirming dismissal of *pro se* case for want of prosecution where plaintiff failed to comply with the court's "readily comprehended" order).

---

[1] In the petition, Hutchins asks the court to release him to home confinement, reduce his sentence, or otherwise order him to be removed from FCI Elkton due to the COVID-19 outbreak at that federal prison. According to the Bureau of Prisons inmate locator, Petitioner was released on June 1, 2020. To the extent that Petitioner has been released, this case is moot and dismissed for this additional reason.

## IV.  CONCLUSION

For the foregoing reasons, this case is dismissed without prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be good faith.

IT IS SO ORDERED.

                                        /s/ *SOLOMON OLIVER, JR.*
                                        UNITED STATES DISTRICT JUDGE

July 8, 2020